## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**Doug Henry Weischman**                                                                      **Plaintiff**

**v.**                              **No. 4:15-CV–152-KGB-JTR**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                                            **Defendant**

### Instructions for Recommended Disposition

The following recommended disposition was prepared for U.S. District Judge Kristine G. Baker.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Baker may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

## Reasoning for Recommended Disposition

Doug Henry Weischman seeks judicial review of the denial of his application for supplemental security income (SSI).[3]  Weischman applied for SSI on August 13, 2009.  At that time, he lived on the streets and received unemployment benefits.[4]  He claimed he was unable to work because of back and knee pain, high blood pressure, numbness in the arms, and shortness of breath.[5]

**The Commissioner's decision**.[6]  After considering the application, the ALJ identified severe impairments — low back pain, knee pain, obesity, and Hepatitis C[7] — and determined Weischman can do some light work.[8]  Because a vocational expert identified available light work, the ALJ concluded that Weischman isn't disabled and denied the application.[9]

_____

[3]SSA record at p. 211 (applying on Aug. 13, 2009 and alleging disability beginning Nov. 1, 2007).

[4]*Id.* at pp. 213 & 226 (showing receipt of unemployment benefits).

[5]*Id.* at p. 243.

[6]This case considers the ALJ's second decision.  The Commissioner's Appeals Council remanded the first decision for additional proceedings.  The remand explains the time that elapsed since Weischman applied for SSI.

[7]*Id.* at p. 15.

[8]*Id.* at p. 16.

[9]*Id.* at p. 24.

After the Appeals Council denied review,[10] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[11]  Weischman filed this case to challenge the decision.[12]  This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**Weischman allegations**.  Weischman was represented by an attorney in the agency proceedings, but he filed this case pro se.  He generally challenges the determination that he was not disabled during the time period August 13, 2009 to January 22, 2014.[13]

**Applicable legal principles**.  When reviewing a decision denying an application for SSI, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[14]  For substantial evidence to

---

[10]*Id*. at p. 1.

[11]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[12]Docket entry # 1.

[13]Docket entry # 13.

[14]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is

exist, a reasonable mind must accept the evidence as adequate to support the

determination that Weischman can do some light work and that work exists that

Weischman can do.[15]

"Light work involves lifting no more than 20 pounds at a time with frequent

lifting or carrying of objects weighing up to 10 pounds."[16]  The ALJ placed the

following limitations on light work: (1) two hours sitting with a sit-stand option,

(2) occasional overhead reaching, crouching, stair climbing, kneeling, crawling,

stooping, and handling, and (3) no climbing ladders, ropes, or scaffolds.[17]  The

question for the court is whether a reasonable mind will accept the evidence as

adequate to show Weischman can work within these parameters.

A reasonable mind will accept the evidence as adequate for following reasons:

> 1.  **Medical evidence shows no disabling impairment**.  A claimant
> must prove he is disabled with medical evidence; his allegations aren't
> enough to prove disability.[18]  Three agency exams provide the most

---

substantial evidence in the record as a whole to support the conclusion that the
claimant was not disabled.").

[15]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) (substantial evidence
exists if a reasonable mind will accept evidence as adequate to support conclusion).

[16]20 C.F.R. § 416.967(b).

[17]SSA record at p. 16.

[18]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other
symptoms shall not alone be conclusive evidence of disability…; there must be

probative medical evidence: (1) an October 2009 general physical exam, (2) a December 2010 orthopedic exam, and (3) a May 2013 orthopedic exam.

The October 2009 examiner found mild degenerative changes in the cervical spine.[19] The changes support complaints of intermittent numbness in the arms. According to the examiner, Weischman could walk, stand, sit, lift, carry, handle, and finger.[20]

The December 2010 examiner found slightly diminished ranges of motion in the lumbar spine and knees.[21] According to the examiner, Weischman could frequently lift 10 pounds; occasionally lift 20 to 50 pounds; frequently grasp; occasionally manipulate, handle, feel, push/pull with hands and feet, reach, climb, balance, stoop, crouch, kneel, and crawl; but should avoid concentrated exposure to heights and

---

medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. § 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. § 404.1529 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.").

[19]SSA record at p. 328.

[20]*Id.*

[21]*Id.* at p. 358.

moving machinery.[22]

The May 2013 examiner — who also conducted the December 2010 orthopedic exam — found slightly diminished ranges of motion in the cervical spine, lumbar spine, and knees.[23]  According to the examiner, Weischman had difficulty squatting and rising to a full stance.[24]

The examiners' findings do not prevent working within the ALJ's parameters.  The reduction to light work and limitation on postural functions respond to complaints of back and knee pain.  The limitation on overhead reaching and handling respond to degenerative changes in the neck and intermittent numbness in the arms.  The ALJ properly observed that the medical evidence doesn't support Weischman's allegations.[25]

2.  **Treatment efforts reflect no disabling symptoms**.  "An ALJ may discount a claimant's subjective complaints … based on the claimant's failure to pursue regular medical treatment."[26]  The record reflects four efforts for treatment: (1) February 2010,[27] (2) March 2010,[28] (3) April 2010,[29] and (4) August 2010.[30]  During these visits, medical providers prescribed medication for high blood pressure; recommended diet

---

[22]*Id*. at p. 357.

[23]*Id*. at pp. 362-63.

[24]*Id*. at p. 363.

[25]*Id*. at p. 18.

[26]*Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

[27]SSA record at p. 349.

[28]*Id*. at p. 348.

[29]*Id*. at p. 345.

[30]*Id*. at p. 344.

changes, alcohol abstinence, and smoking cessation; and confirmed the presence of Hepatitis C.

Weischman takes no blood pressure medication, smokes, and receives no treatment for Hepatitis C.  He sought no treatment when a car struck him or when someone cut him with a box cutter.  A reasonable mind would expect a person with disabling symptoms to seek treatment.  The ALJ properly observed that failing to seek medical treatment is inconsistent with disabling symptoms.[31]

3. **Vocational evidence shows work exists that Weischman can do**. After determining Weischman can no longer work as a construction worker, the ALJ asked a vocational expert about available work for a person's with Weischman's limitations.  The vocational expert identified bakery line worker and machine tender as representative jobs.[32]  This evidence shows work exists that Weischman can do, regardless of whether such work exists where he lives, whether a job vacancy exists, or whether he would be hired if he applied for work.[33]

## Conclusion and Recommended Disposition

Substantial evidence supports the ALJ's decision because a reasonable mind

---

[31]*Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997) (failing to seek medical assistance for alleged physical and mental impairments contradicted claimant's allegations of disabling conditions and supported unfavorable decision); *Ostronski v. Chater*, 94 F.3d 413, 419 (8th Cir. 1996) (complaints of disabling pain and functional limitations are inconsistent with the failure to take prescription pain medication or to seek regular medical treatment for symptoms); *Haynes v. Shalala*, 26 F.3d 812, 814-15 (8th Cir. 1994) ("A lack of strong pain medication is inconsistent with subjective complaints of disabling pain."); *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988) ("A failure to seek aggressive treatment is not suggestive of disabling back pain.").

[32]SSA record at p. 73.

[33]42 U.S.C. § 1382c(a)(3)(B).

will accept the evidence as adequate to support the decision.   Weischman's impairments do not prevent some light work.  A vocational expert identified available work.  The ALJ made no legal error.  For these reasons, the undersigned magistrate judge recommends DENYING Weischman's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 12th day of November, 2015.


_____
United States Magistrate Judge