IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DOUG WEISCHMAN**                                                                                   **PLAINTIFF**

v.                          Case No. 4:15-cv-00152-KGB-JTR

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration**                                                          **DEFENDANT**

## ORDER

The Court has reviewed the Recommended Disposition received from Magistrate Judge J. Thomas Ray (Dkt. No. 15). After careful review of the Recommended Disposition, and the timely objections received thereto (Dkt. No. 17), as well as a *de novo* review of the record, the Court concludes that the Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects.

The Court writes separately to address plaintiff Doug Weischman's objections (Dkt. No. 17). Mr. Weischman objects to the fact that, during his last hearing, there was testimony that he could not "do gainful and substantial employment." (Dkt. No. 17, at 1). The Eighth Circuit Court of Appeals stated in *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) that, "We will uphold the Commissioner's decision to deny an applicant benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled." The court in *Long* further explained that a reviewing court "will consider evidence that detracts from the Commissioner's decision as well as evidence that supports the decision, [but] will not reverse 'merely because substantial evidence exists for the opposite decision.'" *Id.* (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)). The Court is unpersuaded by this objection based on the record evidence before it.

Mr. Weischman also makes reference in his objections to the mental health diagnosis and counseling that he has received (Dkt. No. 2; Dkt. No. 13).  As the Recommended Disposition makes clear, the time period at issue in regard to Mr. Weischman's current claim is July 30, 2009, through January 22, 2014 (Dkt. No. 14, at 3).  This is the time period the Court is examining.  Based upon the evidence Mr. Weischman submits, his mental health diagnosis and treatment first began on April 14, 2014.  This was two months after the Administrative Law Judge's decision in this case and after the time period that this Court is tasked with reviewing.  As a result, these documents that Mr. Weischman submitted are not material to this Court's current decision because this evidence was not presented to the Administrative Law Judge before he made his decision and does not relate to Mr. Weischman's condition during the time period this Court is examining.  *See Hepp v. Astrue*, 511 F.3d 798, 808 (8th Cir. 2008) (determining that, to be considered material, new evidence, it must be noncumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied).  Further, the Commissioner contends that a licensed professional counselor is not an acceptable medical source to establish the existence of a medically determinable impairment.  20 C.F.R. § 416.913(a).  These factors were cited in the Recommended Disposition (Dkt. No. 14, at 10–11).  As a result, this objection does not alter this Court's decision to adopt the Recommended Disposition.

For these reasons, the Court adopts the Recommended Disposition.  The Court therefore affirms the Commissioner's decision, denies Mr. Weischman's request for relief, and dismisses with prejudice this case.  Judgment shall be entered accordingly.

SO ORDERED this 5th day of February, 2016.

_____
Kristine G. Baker
United States District Judge